## IN THE UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **BRADY FEARS, RONALD MAY and WAYNE WALKER, Individually and on Behalf of All Those Similarly Situated,** ) ) ) | |
| ) | **CLASS & COLLECTIVE** |
| **Plaintiffs,** ) | **ACTION COMPLAINT** |
| ) ) | |
| **v.** ) | |
| ) | **Jury Trial Demanded** |
| ) | |
| **AUTO REFLECTIONS INC., and CHRISTOPHER BOURQUE, Jointly and Severally,** ) ) ) | |
| ) | |
| **Defendants.** ) | |

Plaintiffs, Brady Fears, Ronald May, and Wayne Walker (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

1

## NATURE OF THE ACTION

### Unpaid Travel Time

1.      Plaintiffs worked as auto detailers at Defendant's auto detail business called Auto Reflections, Inc. ("Auto Reflections"), operating primarily at 4900 Bluffington Road, Atlanta, Georgia 30349 (hereinafter "Red Oak").

2.      Plaintiffs would arrive at the Red Oak meeting location to pick up auto detailing tools such as hand towels. In addition, while at Red Oak, Plaintiffs would receive instructions about which car lots they would be traveling to for work, and also instructions as to which team members they would be working with for the day.

3.      Plaintiff's would travel from Red Oak to various car dealerships to perform car detailing services, and then return to the Red Oak address at the end of the workday.

4.      Plaintiffs were not paid for their travel time from Red Oak to the various car dealership locations in Georgia that they would travel to, in order to perform their car detailing services. In addition, Plaintiffs were not paid for their travel time from their last car dealership location back to Red Oak. Plaintiffs were required to return

the cleaning tools such as their hand towels to Red Oak, and to retrieve their personal vehicles stored at the location.

5.     Taking into account City of Atlanta traffic, Plaintiffs would travel on average, about 45 minutes each way, per day, for a round-trip total of 1 hour and 30 minutes of uncompensated travel time per day. Travel would generally occur on four days out of the work week. This amounts to six hours of travel time, round-trip, per week, that Plaintiffs were not compensated for by Defendants.

6.     This nonpayment of travel time is in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and contrary to 29 CFR § 285 (Travel that is all in the day's work).

7.     These six hours of unpaid travel time, during weeks where Plaintiffs worked 35 hours or more, bring the hours worked to 41 hours or greater, which makes Defendants liable for unpaid overtime wages.

8.     For their unpaid travel time, where Plaintiffs worked more than 40 hours per week, Plaintiffs bring this action to recover unpaid overtime premium pay, owed to them pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and supporting regulations.

9.     In addition, Defendants are also liable for breach of contract for these six

unpaid travel hours per week, during weeks where Plaintiffs have worked 40 hours per week or less. For these hours Plaintiffs are owed payment of their regular wages.

10.    For their unpaid travel time, during weeks where Plaintiffs worked 40 hours per week or less, Plaintiffs bring this action to recover unpaid regular wages under a breach of contract claim under Georgia tort law. *See* Transkey Inc. v. Adkinson, 255 Ga. App. 457 (1997), 460 *citing* E.D. Lady Mills v. Keith, 183 Ga. App. 357, 361 (1987) ("In an at-will employment contract, the original terms for compensation are enforceable for the work actually performed under the contract").

### **Perpetually Shorted Hours**

11.    Plaintiffs have repeatedly asked Defendants to maintain a time clock on premises to ensure accurate time keeping. Defendants have refused, and as a result, the time records are perpetually inaccurate, and either willfully or through deliberate ignorance, caused Plaintiffs to be short on their pay for at least two hours per week, for every week worked for Defendants.

12.    These two hours of unpaid wages, during weeks where Plaintiffs worked 39

4

hours or more, bring the hours worked to 41 hours or greater, which makes Defendants liable for unpaid overtime wages.

13.     In addition, during weeks where Plaintiffs worked 40 hours or less, Defendants are liable for breach of contract under Georgia tort law for these two hours per week of unpaid regular wages, for each work week.

14.     For their shorted hours, during weeks where Plaintiffs worked more than 40 hours per week, Plaintiffs bring this action to recover unpaid overtime premium pay, owed to them pursuant to FLSA, 29 U.S.C. §§ 201 *et seq.*, and supporting regulations.

15.     In addition, for their shorted hours, during weeks where Plaintiffs worked 40 hours or less, Plaintiffs bring this action to recover unpaid regular wages, under a breach of contract claim under Georgia tort law. *See* Adkinson, 255 at 460, *citing* E.D. Lady Mills v. Keith, 183 Ga. App. 357, 361 (1987).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17.    This Court also has supplemental jurisdiction over the Georgia breach of contract claim for unpaid regular wages, pursuant to 28 U.S.C. § 1367(a).

18.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiffs performed work for Auto Reflections at Red Oak, located at 4900 Bluffington Road, Atlanta, Georgia 30349, which is in Fulton County.

19.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

20.    Plaintiff, Brady Fears, was at all relevant times, an adult individual residing at 5267 Brentwood Road, College Park, GA 30349, which is in Fulton County.

21.    Plaintiff, Ronald May, was at all relevant times, an adult individual residing at 7393 Tara Road, Jonesboro, GA 30236, which is in Clayton County.

22.    Plaintiff, Wayne Walker, was at all relevant times, an adult individual residing at 1150 Ashton Avenue, Atlanta, GA 30310, which is in Fulton County.

**Defendants:**

23.     Upon information and belief, Defendant Auto Reflections, Inc., is an active Georgia corporation. Its principal place of business is listed with the Secretary of State of Georgia as 415 Mapledale Trail, Sharpsburg, GA 30277, which is in Coweta County. However, upon information and belief, Auto Reflections, Inc., conducts its business with its employees primarily at Red Oak, located at 4900 Bluffington Road, Atlanta, Georgia 30349, which is in Fulton County.

24.     Upon information and belief, Defendant Christopher Bourque is an owner, officer, director and/or managing agent of Auto Reflections, whose address is unknown at this time.

25.     Upon information and belief, Bourque sets Auto Reflection's payroll policies, including the unlawful practices complained of herein.

26.     Bourque participated in the day-to-day operations of Auto Reflections and acted intentionally and maliciously, and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Auto Reflections.

27.     At all relevant times, Defendants have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

7

28.     Upon information and belief, at all relevant times, Auto Reflections has had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

29.     Additionally, upon information and belief, at all relevant times, Auto Reflections has had employees working on goods that have been moved or produced for commerce, in that they perform car detailing services on cars at various dealerships, which are then sold in interstate commerce, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

### Defendants' Company

30.     At all relevant times, Defendants have been an auto detailing company, which conducts its business with its employees primarily at Red Oak, located at 4900 Bluffington Road, Atlanta, Georgia 30349.

31.     Upon information and belief, Bourque handles payroll and record keeping for Auto Reflections, and is actively involved with the Defendant's day-to-day operations.

32.     Plaintiffs have seen Bourque on site at Auto Reflections at various times

throughout their employment.

33.     Auto Reflections was incorporated on February 4, 2011, and maintains an address for service of process 415 Mapledale Trail, Sharpsburg, Georgia, 30277.

34.     Bourque is the registered agent for Auto Reflections, and lists his registered agent address as 415 Mapledale Trail, Sharpsburg, Georgia, 30277.

**Plaintiffs' Work for Defendants**

35.     Plaintiff Fears was employed by Defendants as an auto detailer from January 2009 to December 2016. His job duties as an auto detailer consisted of: Washing cars, shining tires, and drying cars using hand towels. Mr. Fears was later promoted to the position of supervisor in December 2016, and is still presently employed as an auto detail supervisor. His auto detail supervisor job duties consisted of: Providing assignments to auto detailers, verifying their work is done correctly, recording hours worked for auto detailers. Mr. Fears would also detail cars himself even in his capacity as a supervisor.

36.     Plaintiff May was employed by Defendants as an auto detailer from March 2013 to March 2017. His job duties as an auto detailer consisted of: Washing cars, shining tires, and drying cars using hand towels.

37.    Plaintiff Walker was employed by Defendants as an auto detailer since March 2015, and is still currently employed there. His job duties as an auto detailer consist of: Washing cars, shining tires, and drying cars using hand towels.

38.    Taking into account City of Atlanta traffic, Plaintiffs would travel on average, about 45 minutes each way, per day, for a round-trip total of 1 hour and 30 minutes of uncompensated travel time per day. Travel would generally occur for four days out of the work week. This amounts to six hours of travel time, round-trip, per week, that Plaintiffs were not compensated for by Defendants.

39.    Once every month, during a period known as "Highline", Plaintiffs would work on Saturdays, in addition to their normal weekdays, resulting in working 40 hours per week or more.

40.    Plaintiffs Fears, May, and Walker, worked more than forty hours per week on numerous occasions, such as during Highline, but were not paid overtime wages for their travel time between work locations during such weeks.

41.    Additionally, Plaintiffs complained numerous times to Defendant's about inaccurate time records and asked that a time clock be installed on the worksite. At all relevant times, Defendant has used an informal system for recording hours done

by hand, and largely based on supervisor memory, which is generally inaccurate.

Plaintiffs pay has been short two hours per week, for each week of their

employment, due to inaccurate record keeping.

42.     At all relevant times, Plaintiffs received no compensation whatsoever for

their travel from Red Oak to the various car dealerships where they would work,

were not compensated for their return trips from the car dealerships to Red Oak,

and also shorted on their hours to the effect of two hours per week for each week

of their employment as a result of Defendant's inaccurate time records.

### FLSA COLLECTIVE ACTION ALLEGATIONS

43.     Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiffs bring their First and Third

Causes of Action as a collective action under the FLSA on behalf of themselves

and the following collective:

> All persons employed by Defendants at any time since July 12,
> 2014, and through the entry of judgment in this case (the
> "Collective Action Period") who worked as auto retailers, auto
> detail supervisors, and all other hourly employees (the "Collective
> Action Members").

44.     A collective action is appropriate in this circumstance because Plaintiffs and

the Collective Action Members are similarly situated, in that they were all

subjected to Defendant's illegal policy of failing to pay overtime premiums for work performed in excess of 40 hours per week. As a result of this policy, Plaintiffs and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

## RULE 23 CLASS ACTION ALLEGATIONS

45.     Plaintiffs bring their First through Sixth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following class:

> All persons employed by Defendants at any time since July 12, 2013 and through the entry of judgment in this case (the "Class Period") who worked as auto detailers, auto detail supervisors, and all other hourly employees (the "Class Members").

46.     The class members are readily ascertainable. The number and identity of the Class Members are determinable from records of Defendants. For the purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

47.     The Class Members are so numerous that joinder of all members is

impracticable.

48.     Upon information and belief, there are over 25 Class Members.

49.     Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class members. Such common questions will determine Defendant's liability to all (or nearly all) Class Members. Common questions include:

a. Whether Defendants employed Plaintiffs and the Class Members.

b. Whether Defendants failed and/or refused to pay Plaintiff's and the Class Members overtime wages for their travel time, in violation of the FLSA.

c. Whether Defendants failed and/or refused to pay Plaintiff's and the Class Members regular wages wages for their travel time, amounting to breach of contract under Georgia tort law.

d. Whether Defendants shorted the hours of Plaintiffs and the Class Members, and thus failed to pay overtime wages, in violation of the FLSA.

e. Whether Defendants shorted the hours of Plaintiffs and the Class Members, and thus failed to pay regular wages for all hours worked, amounting to breach of contract under Georgia tort law.

f. Whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

g. Whether Defendants are liable for all damages claimed. This includes, but is not limited to: compensatory damages, liquidated damages, interest, costs, disbursements, and attorney's fees.

50.    To answer these questions would drive resolution of the litigation. If a judge and/or jury agrees with Plaintiffs on these issues, Defendants would be liable to all Class Members for their wage and hour violations.

51.    Plaintiff's claims are typical of the class member's claims. Plaintiffs, like all Class Members, are auto detailers or auto detail supervisors, and are paid on an hourly basis. They were not compensated for their travel time, and all were shorted approximately two hours for every week worked for Defendants. As a result, Plaintiffs and Class Members were not paid overtime premium pay, and also did not receive regular wages for all hours worked. If Defendants are liable to Plaintiffs for the claims in this Complaint, they are also liable to all Class Members.

52.    Plaintiffs and their counsel will fairly and adequately represent the class.

14

There are no conflicts between Plaintiffs and the Class Members, and Plaintiffs bring this lawsuit out of a desire to help all Class Members, and not merely out of a desire to recover their own damages.

53.     Plaintiffs' counsel has experience with class action litigation, and is well-prepared to represent the interests of the Class Members.

54.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants are sophisticated parties with substantial resources. The plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

55.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME FOR TRAVEL TIME

56.     Plaintiffs, on behalf of themselves the Collective Action Members, and the Class Members, repeat and reallege each and every allegation of the preceding

paragraphs hereof with the same force and effect as though fully set forth herein.

57.     As a result of Defendant's failure to compensate its employees, including Plaintiffs, Collective Action Members, and Class Members, at a rate of not less than one and a one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiffs and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

58.     Defendants have failed to pay overtime for Plaintiff's travel time, despite receiving numerous complaints from employees. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59.     The failure to pay overtime has caused Plaintiffs to suffer lost of wages and interest thereon. Plaintiffs, Collective Action Members, and Class Members, are entitled to recover from Defendants her unpaid overtime premium compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT – UNPAID REGULAR WAGES
## FOR TRAVEL TIME

60.     Plaintiffs, on behalf of themselves the and the Class Members, repeat and

reallege each and every allegation of the preceding paragraphs hereof with the

same force and effect as though fully set forth herein.

61.     Defendants have failed to pay regular wages to Plaintiffs and Class

Members for their travel time, despite this being compensible work time.

Defendants are liable for breach of contract for failure to pay regular wages for

travel time in a work week that is 40 hours or less. This constitutes a breach of

contract under Georgia tort law, and Plaintiffs and Class Members are entitled to

relief. *See* Adkinson, 255 at 460, *citing* E.D. Lady Mills v. Keith, 183 Ga. App.

357, 361 (1987).

## THIRD CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
## FOR SHORTED HOURS

62.     Plaintiffs, on behalf of themselves the Collective Action Members, and the

Class Members, repeat and reallege each and every allegation of the preceding

paragraphs hereof with the same force and effect as though fully set forth herein.

63.     Defendants have shorted Plaintiffs hours through inaccurate record keeping and/or willful underpayment of wages for all hours worked, at an average of about two hours per week. This continues to occur, despite receiving numerous complaints from employees. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), for which Plaintiffs, Collective Action Members, and Class Members are entitled to relief.

### FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT – UNPAID REGULAR WAGES FOR SHORTED HOURS

64.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65.     Defendants have shorted Plaintiffs hours through inaccurate record keeping and/or willful underpayment of wages for all hours worked, at an average of about two hours per week. This continues to occur, despite receiving numerous complaints from employees. This constitutes a breach of contract under Georgia tort law, and Plaintiffs and Class Members are entitled to relief.

18

## FIFTH CAUSE OF ACTION
## <u>UNJUST ENRICHMENT – UNPAID REGULAR WAGES</u>
## <u>FOR TRAVEL TIME</u>

66.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67.    Plaintiffs have not been compensated for their travel time. Defendants have been unjustly enriched by receiving the benefit of Plaintiffs' labor without compensating them for all hours worked, which includes travel time. Plaintiffs are entitled to relief for regular wages for travel time that have gone unpaid by Defendants.

## SIXTH CAUSE OF ACTION
## <u>UNJUST ENRICHMENT – UNPAID REGULAR WAGES</u>
## <u>FOR SHORTED HOURS</u>

68.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69.    Plaintiffs have been shorted on their hours, at an average of about two hours per week, for each week of employment. Defendants have been unjustly enriched

by receiving the benefit of Plaintiffs' labor without compensating them for all

hours worked. Plaintiffs are entitled to relief for regular wages that have gone

unpaid, despite the benefits of labor accruing to Defendants.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An order declaring that Defendants actions constituted breach of contract under

Georgia tort law.

d. An order declaring that Defendants have been unjustly enriched through

obtaining the labor of Plaintiffs without proper compensation.

e. An award of unpaid regular wages under for breach of contract under Georgia

tort law;

f. An award of unpaid overtime wages due under the FLSA;

g. An award of liquidated and/or punitive damages as a result of Defendant's

willful failure to pay overtime wages and regular wages for all hours worked

constituting breach of contract under Georgia tort law;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

j. Such other and further relief and this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: July 12, 2017

Respectfully submitted,

**s/ Brandon A. Thomas**
**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1800 Peachtree Street, N.W., Suite 300
Atlanta, GA 30309
Tel: (404) 343-2441
Fax: (404) 352-5636
brandon@brandonthomaslaw.com